IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JANE PICKERELL,    )<br>)<br>Plaintiff,    )<br>)<br>v.    )<br>)<br>)<br>KILOLO KIJAKAZI,    )<br>**Acting Commissioner of Social Security,**    )<br>)<br>Defendant.    )<br>_____    ) | CIVIL ACTION<br><br>No. 23-1104-JWL |

**MEMORANDUM AND ORDER**

Plaintiff filed this action pro se[1] on May 26, 2023, seeking judicial review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) under sections 216(i), and 223 of the Social Security Act.   42 U.S.C. §§ 416(i) and 423 (hereinafter the Act).   (Doc. 1).

In accordance with District of Kansas Local Rule 83.7.2, the Commissioner timely answered and filed the transcript of the record below on July 11, 2023.   (Doc. 4). When Plaintiff failed to file a Social Security Brief when due, the court issued a Scheduling Order "to remind Plaintiff of her responsibility [to file a brief], and to provide

---

[1] Because she appears pro se, the court construes Plaintiff's pleadings and briefs liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Travis v. Park City Mun. Corp., 565 F.3d 1252, 1254 (10th Cir. 2009). But, the court will not assume the role of advocate for her. Garrett v. Selby Conner Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

additional time until September 29, 2023, for Plaintiff to file her Social Security Brief in accordance with the Local Rules." (Doc. 5. p.2). When Plaintiff again failed to file her Social Security Brief on October10, 2023 the court issued an Order to show cause "no later than October 27, 2023 why this case should not be dismissed in accordance with Federal Rule of Civil Procedure 41b and Rule 41.1 of the Local Rules, for failure to prosecute this case and for failure to obey the order of this court." (Doc. 6, p.2).

The court's order to show cause was sent to Plaintiff by certified mail but a receipt was never returned to the court and checking the tracking number appeared to show that the mail may have been lost in a processing facility. Consequently, the court issued a Second Order to Show Cause "no later than December 15, 2023 why this case should not be dismissed in accordance with Federal Rule of Civil Procedure 41b and Rule 41.1 of the Local Rules, for failure to prosecute this case and for failure to obey the orders of this court." (Doc. 7, p.2). A certified mail receipt was received by the court on November 27, 2023, indicating the order was signed for by Plaintiff's agent, Brett Pickerell, on November 22, 2023. (Doc. 8). It is now past the deadline for Plaintiff to show cause and she has responded in no manner to the court's orders.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Because dismissal is a severe sanction, it should be imposed only if a "lesser sanction would not serve the ends of justice." Id. (quotation omitted). In evaluating whether dismissal is an appropriate

2

sanction, the district court should consider the following factors: (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) whether a lesser sanction would be effective. Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992)). "It is within a court's discretion to dismiss a case with prejudice if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." Ehrenhaus, 965 F.2d at 916.

Turning to the first factor, the Commissioner has suffered some prejudice by Plaintiff's failure to actively prosecute this case. The Commissioner has invested time and effort into researching and preparing an answer in this case and into preparing the administrative record and converting it into a format which is compatible with filing in the court's electronic case filing system. Moreover, the Commissioner was required to utilize resources to monitor and review each of the court's orders and determine whether any action on her part was necessary or appropriate in the circumstances.

The second factor also somewhat supports dismissal of this action. The manner in which Plaintiff has prosecuted this case (or, perhaps more accurately, not prosecuted this case) has risen to the level of interfering with the judicial process. The court has invested time and effort into shepherding this case through the briefing process laid out in Local Rule 83.7.2, without success. Plaintiff has not responded so far. In fact, other

than her Complaint in which she states her application for DIB was denied and requests the Commissioner's decision be reversed and she be awarded benefits, Plaintiff has filed nothing with the court.

This leads to consideration of the third factor which focuses on the plaintiff's culpability. The third factor most heavily weighs in favor of dismissal. As is more fully laid out above, Plaintiff has failed to prepare and file a Social Security Brief since the Commissioner filed the administrative record on July 11, 2023. Plaintiff has been silent despite two orders of the court directing her action.

The fourth factor is also satisfied. The court's "Second Order to Show Cause" specifically warned Plaintiff that her failure to respond could result in dismissal of her case, and the docket reflects that Plaintiff was served with that order by certified mail on November 22, 2011. (Doc. 8).

Finally, the court considers the efficacy of lesser sanctions. Here, the court has repeatedly granted Plaintiff leniency in light of her status as a pro se litigant. It has directed Plaintiff to the applicable portions of the Local Rules governing the preparation and submission of briefs in Social Security cases. It has rescheduled the briefing in this case to afford Plaintiff more time and to remind her of her responsibilities—all to no avail. Moreover, the court has been unable to identify any appropriate lesser sanction in a Social Security case which would secure prosecution of the case. After carefully reviewing the record before the court and the history of this case, the court concludes that no remedy short of dismissal would be effective.

After consideration of the five <u>Ehrenhaus</u> factors in light of the circumstances of this case, the court concludes that the factors weigh in favor of dismissal of this action. Defendants have suffered prejudice by virtue of having devoted resources to preparing and filing the administrative record in this case, and monitoring the orders entered by the court in its attempts to secure prosecution of the case. Meanwhile, this case is interfering with the judicial process because it continues to linger on the court's docket without any meaningful progress toward resolution. Plaintiff's culpability for this predicament is high, as she is aware of her obligation to prepare a brief. And, the court forewarned Plaintiff that her failure to respond could result in dismissal and yet she still has not done so. At this point in time, the court believes that dismissal is the only remedy that would be effective.

**IT IS THEREFORE ORDERED** that this case is dismissed in accordance with Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to prosecute the case or to comply with the rules of procedure and the court's orders.

Dated this 20th day of December 2023, at Kansas City, Kansas.

    s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**